IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| LAKENDUS COLE and LEON EDMOND, individually and as representatives of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 13-cv-02117-JPM-dkv |
| CITY OF MEMPHIS; and ROBERT FORBERT, SAMUEL HEARN, CHRISTOPHER BING, JOHN FAIRCLOTH, CARI COOPER, and ROBERT SKELTON, individually and in their official capacities as City of Memphis police officers, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS ROBERT FORBERT AND JOHN FAIRCLOTH'S MOTION TO DISMISS**

Before the Court is the Motion to Dismiss of Defendants Robert Forbert and John Faircloth, filed April 2, 2013. (ECF No. 5.) Plaintiffs Lakendus Cole and Leon Edmond responded in opposition on April 10, 2013. (ECF No. 7.)

For the following reasons, Defendants Robert Forbert and John Faircloth's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

**I.    BACKGROUND**

In their Complaint (ECF No. 1), Plaintiffs assert the following causes of action against City of Memphis police

officers Robert Forbert, Samuel Hearn, Christopher Bing, John Faircloth, Robert Skelton, and Cari Cooper (collectively, the "Individual Defendants") (id. ¶¶ 4-9):  federal-law claims for the use of excessive force and unlawful arrest in violation of 42 U.S.C. § 1983 ("§ 1983") based on violations of Plaintiffs' Fourth and Fourteenth Amendment rights (id. ¶¶ 114-19); state-law claims for civil assault and battery (id. ¶¶ 128-32); and state-law claims for false arrest and imprisonment (id. ¶¶ 133-37).

The following facts are those alleged in Plaintiff's Complaint.

The City of Memphis engages in a policy or practice of ordering "all persons lawfully standing on the sidewalks and street in the Beale Street Entertainment District" to immediately leave, irrespective of "whether circumstances exist which threaten the safety of the public or [City of Memphis] police officers" (the "Beale Street Sweep").  (Id. ¶¶ 24-25.) The Beale Street Sweep routinely occurs in the early morning hours and frequently results in City of Memphis police officers "assaulting, using excessive force, detaining, arresting and/or fabricating false [] criminal charges against persons who are engaged in lawful and constitutionally protected conduct."  (Id. ¶¶ 26-28.)

Plaintiff Lakendus Cole ("Cole"), an off-duty City of Memphis police officer, was standing outside Club 152 on Beale Street in Memphis in the early morning of August 26, 2012. (Id. ¶ 30.) Cole was engaging in lawful behavior, and had not consumed any alcohol. (Id. ¶¶ 31, 33.) City of Memphis police officers, including the Individual Defendants, ordered the people on the street to "immediately leave the sidewalks and street in the Beale Street Entertainment District" pursuant to the Beale Street Sweep. (Id. ¶¶ 32-33.) The Individual Defendants are alleged to have committed the following acts: grabbing Cole and assaulting him (id. ¶ 35); slamming Cole's body into the police car twice, denting the body of the police car (id. ¶ 36); handcuffing and arresting Cole (id. ¶ 37); transporting Cole to the Shelby County Jail (id. ¶ 38); and preparing, or assisting in the preparation of, an affidavit that included false information against Cole resulting in Cole being charged with vandalism, disorderly conduct, and resisting arrest (id. ¶¶ 39-40). The charges against Cole were ultimately dismissed. (Id. ¶ 41.)

Plaintiff Leon Edmond ("Edmond"), an off-duty special agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF"), was walking in the Beale Street Entertainment District in the early morning of May 5, 2012. (Id. ¶¶ 2, 46.) Edmond was not intoxicated. (Id. ¶ 47.) City of Memphis police

3

officers, including the Individual Defendants, ordered Edmond and others to "immediately leave the sidewalks and street of the Beale Street Entertainment District" pursuant to the Beale Street Sweep. (Id. ¶ 48.) Defendant Cooper stopped Edmond after he unsuccessfully tried to enter Club 152. (Id. ¶¶ 49-51.) Defendants Cooper and Skelton handcuffed Edmond and placed him under arrest for public intoxication. (Id. ¶¶ 53-54.) Edmond was released from police custody after a local ATF agent arrived on the scene. (Id. ¶ 57.)

## II. STANDARD OF REVIEW

Under Federal Rule of Civil Procedure ("Rule") 12(b)(6), a defendant may move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Pursuant to Rule 8(a), a complaint need only contain a "'short and plain statement of the claims showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). To survive a motion to dismiss for failure to state a claim, however, the "[f]actual allegations [in the complaint] must be enough to raise a right to relief above the speculative level and to state a claim to relief that is plausible on its face." Keys v. Humana, Inc., 684 F.3d 605, 608 (6th Cir. 2012)

4

(first alteration in original) (quoting Twombly, 550 U.S. at 555) (internal quotation marks omitted).  "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

On a motion to dismiss, the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff."  In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (quoting Jones v. City of Cincinnati, 521 F.3d 555, 559 (6th Cir. 2008)) (internal quotation marks omitted).  A court may not dismiss a complaint for failure to state a claim "based on disbelief of a complaint's factual allegations."  Bovee v. Coopers & Lybrand C.P.A., 272 F.3d 356, 360 (6th Cir. 2001).  The court, however, "need not accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice."  In re Travel Agent, 583 F.3d at 903 (alteration in original) (citation omitted) (internal quotation marks omitted).

**III. ANALYSIS**

Defendants Robert Forthbert and John Faircloth ("Defendants") argue that Plaintiffs have failed to state a claim against them pursuant to Rule 8(a) because the Plaintiffs' blanket allegations fail to give Defendants adequate notice of their alleged misconduct. (ECF No. 5-1 at 4-5.) Alternatively, Defendants argue that even if Plaintiffs' allegations are sufficient under Rule 8(a), the Complaint fails to state a substantive due-process claim pursuant to the Fourteenth Amendment. (Id. at 5-6.) Defendants' arguments are addressed in turn.

**A.     Failure to State a Claim Against Defendants Under Rule 8(a)**

Defendants argue that the allegations in the Complaint against the Individual Defendants are so generalized as to not provide them adequate notice of the conduct of which they are accused. (Id. at 5.) In support of their argument, Defendants assert that the Complaint does not mention them by name in the federal and state-law claims; that the Complaint fails to distinguish between the Individual Defendants; and that the Complaint fails to tie them to specific alleged actions. (Id. at 4-5.) Defendants state that blanket assertions against the Individual Defendants do not satisfy Rule 8(a)'s pleading requirement if the allegations do not distinguish between defendants nor give notice of the specific allegations against

6

each defendant. (Id. at 4 (citing Bondex Int'l, Inc. v. Hartford Accident & Indem. Co., 667 F.3d 669, 681 (6th Cir. 2011) and Muhammad v. Weis, No. 08-3616, 2009 WL 637112, at *2 (E.D. Pa. Mar. 11, 2009)).)

Plaintiffs assert that each of the Individual Defendants engaged in the actions stated in the allegations. (ECF No. 7 at 2.) Accordingly, Defendants have notice of the conduct of which they are accused. (Id. at 2-3.) Plaintiffs argue that the cases Defendants cite are distinguishable from the instant case. (Id. at 3.)

Viewing the Complaint in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have stated a claim against Defendants that is plausible on its face. Plaintiffs' Complaint contains specific federal and state-law claims against the Individual Defendants. (See, e.g., ECF No. 1 ¶¶ 80-86, 128-32, 133-37 (asserting specific claims of misconduct against the Individual Defendants).)

Additionally, the instant case is distinguishable from Bondex. In Bondex, the United States Court of Appeals for the Sixth Circuit held that "the pleadings' generic references to the misconduct of 'all Defendants'" did not encompass a theory of liability against a specific defendant that was not pled in the complaint. 667 F.3d at 681; see Am. Compl., Bondex Int'l, Inc. v. Hartford Accident & Indem. Co., Case No. 03-1322 (N.D.

7

Ohio Sept. 30, 2005), ECF No. 213.  In the instant case, Plaintiffs' pleadings do not contain only general allegations of misconduct against all Defendants but instead contain specific federal and state-law claims plead against all of the Individual Defendants.  Accordingly, Plaintiffs' claims against Defendants are plausible as Defendants have fair notice that each of the allegations against the Individual Defendants pertains to them.

Finally, this Court declines to follow Muhammad, a case from the United States District Court for the Eastern District of Pennsylvania, holding that allegations against over one hundred defendants do not satisfy Rule 8(a) where the plaintiff did not "describe how each individual actor within the group contributed to the alleged harm."  2009 WL 637112, at *2; see Am. Compl., Muhammad v. Weis, No. 08-3616 (E.D. Pa. Sept. 18, 2008), ECF No. 4.  Instead, this Court follows Hale v. Enerco Grp., Inc., which distinguished between small and large groups of defendants and found that "allegations that multiple Defendants have engaged in the same conduct" were "plausible and raise a reasonable expectation that discovery will reveal evidence to support their claims."  No. 1:10 CV 00867-DAP, 2011 WL 49545, at *4 (N.D. Ohio Jan. 5, 2011); see also Freedom Banc Mortg. Servs., Inc. v. O'Harra, No. 2:11-cv-01073, 2012 WL 3862209, at *4 (S.D. Ohio Sept. 5, 2012) (holding that blanket allegations against multiple defendants were sufficient under

Rule 8(a) because it was plausible that multiple defendants engaged in, or assisted in, the alleged misconduct). Accordingly, Plaintiffs have satisfied Rule 8(a) by including a "short and plain statement of the claims" that are "plausible on [their] face." Keys, 684 F.3d at 608.

**B.   Failure to State a Claim Under the Fourteenth Amendment**

Defendants argue that Plaintiffs have failed to state a substantive due-process claim under the Fourteenth Amendment because Plaintiffs' claims "are nothing more than excessive force and unreasonable seizure claims," which courts analyze exclusively under the Fourth Amendment. (ECF No. 5-1 at 5-6.)

Plaintiffs assert that their § 1983 claim arises from a violation of their substantive due-process right under the Fourteenth Amendment "to remain in a public place with no apparent purpose and to travel locally through public spaces and roadways." (ECF No. 7 at 4 (internal quotation marks omitted)); see City of Chicago v. Morales, 527 U.S. 41, 53-54 (1999).

"Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior," a § 1983 claim based on that behavior must be analyzed under that Amendment and not under the substantive due process clause of the Fourteenth Amendment. Albright v. Oliver, 510 U.S. 266, 273 (1994) (quoting Graham v. Connor, 490 U.S. 386, 395 (1989)); see Handy-Clay v. City of

9

Memphis, Tenn., 695 F.3d 531, 547-48 (6th Cir. 2012). Claims arising out of an "arrest or investigatory stop of a free citizen" invoke the "protections of the Fourth Amendment, which guarantees citizens the right 'to be secure in their persons . . . against unreasonable . . . seizures.'" Graham, 490 U.S. at 394 (alterations in original); see Brooks v. Rothe, 577 F.3d 701, 706 (6th Cir. 2009).

Viewing the Complaint in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have not stated a § 1983 claim against Defendants based on the Fourteenth Amendment. In the instant case, Plaintiffs allege that they were placed under arrest by the Individual Defendants which led to the purported § 1983 violations. Accordingly, their claims against Defendants arise from the "arrest or investigatory stop of a free citizen" and are properly analyzed under the Fourth Amendment, not the Fourteenth Amendment. Graham, 490 U.S. at 394; accord Brooks, 577 F.3d at 706; Lanman v. Hinson, 529 F.3d 673, 680 (6th Cir. 2008).

Therefore, Plaintiffs' substantive due-process claim arising under the Fourteenth Amendment is DISMISSED as to Defendants Robert Forbert and John Faircloth.

**IV. CONCLUSION**

For the foregoing reasons, Defendants Robert Forbert and John Faircloth's Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

10

**SO ORDERED** this 4th day of June, 2013.

                                                 s/ Jon P. McCalla
                                               JON P. McCALLA
                                               CHIEF U.S. DISTRICT JUDGE