# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| LAKENDUS COLE and LEON EDMOND, individually and as representatives of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | No. 2:13-cv-02117-JPM-dkv |
| v. | ) ) | |
| CITY OF MEMPHIS, TENNESSEE, | ) ) | |
| Defendant. | ) ) | |

## ORDER GRANTING MONETARY DAMAGES, PREJUDGMENT INTEREST, POSTJUDGMENT INTEREST, AND ATTORNEYS' FEES

On June 3, 2015, the Court entered its order granting declaratory and injunctive relief. (ECF No. 161.) In the order, the Court required that

> Plaintiffs file additional briefing regarding monetary relief, including the jury's award of damages, pre and post-judgment interest, and attorney's fees and costs within fourteen (14) days of entry of this order. Defendant shall have seven (7) days from the filing of Plaintiffs' brief on monetary relief to file a response brief.

(Id. at 44.) On June 16, 2015, Plaintiffs filed a motion for payment of attorneys' fees, reimbursement of expenses, entry of judgment for Lakendus Cole, and post-judgment interest. (ECF No. 162.) Defendant filed a response to Plaintiffs' motion on June 26, 2015. (ECF No. 172.)

For the reasons that follow, Plaintiff Lakendus Cole is
AWARDED damages and prejudgment and postjudgment interest.  The
Court also GRANTS the motion as to the award of attorneys' fees.

I.   **BACKGROUND**

   A.   **Factual Background**

   Plaintiff Lakendus Cole is a police officer employed with
the City of Memphis Police Department Organized Crime Unit, and
Plaintiff Leon Edmond is a Special Agent employed with the
Bureau of Alcohol, Tobacco, Firearms and Explosives. (Compl. at
1-2, ECF No. 1.)

   Plaintiffs assert a class action claim against Defendant
City of Memphis ("the City") for

>     the policy, procedure, custom, or practice by which
>     police officers of the Memphis Police Department
>     (hereinafter referred to as the "MPD") order all
>     persons to immediately leave the sidewalks and street
>     on Beale Street when there are no circumstances
>     present which threaten the safety of the public or MPD
>     police officers (referred to in this Introduction as
>     the "Beale Street [] Sweep").

(Id. at 2.)  Plaintiffs Cole and Edmond also assert individual
claims against the City of Memphis pursuant to 42 U.S.C. § 1983.
(Compl. ¶¶ 114-19.)

   B.   **The Trial and the Court's Ruling**

   This case was tried by a jury beginning on January 20,
2015.  (ECF No. 125.)  The jury returned their verdict on
January 27, 2015.  (ECF No. 138.)  In the verdict, the jury made

four findings relevant to class relief: (1) that the City of Memphis had "through its police officers, carried out a custom and/or well-established practice mainly on weekends at or about 3:00 a.m. of preventing persons from standing and/or walking on the sidewalk or street of Beale Street prior to [and on or after] June 14, 2012" (Verdict ¶¶ 1-2, ECF No. 141); (2) that this well-established practice "occurs without consideration to whether conditions throughout the Beale Street area pose an existing, imminent or immediate threat to public safety" (id. ¶ 4); (3) that the well-established practice was "the cause of persons being prevented from standing and/or walking on the sidewalk or street of Beale Street" (id. ¶ 3); and (4) that "since at least 2007, thousands of persons were cleared off of Beale Street pursuant to" this practice. (Id. ¶ 5.)

With regard to Plaintiff Cole's individual claim for damages, the jury made five findings: (1) that Cole had been removed from Beale Street in the manner described above; (2) that "conditions throughout the Beale Street area did NOT pose an existing, imminent or immediate threat to public safety at the time the police officers initiated" the sweep on the night Cole was removed and arrested; (3) that Cole was arrested without probable cause in violation of the Fourth Amendment; (4) that the Memphis Police Department used excessive force

during Cole's arrest in violation of the Fourth Amendment; and (5) that the well-established practice caused the violations of Cole's Fourth Amendment rights and damages to Cole. (Id. ¶¶ 7-16.) The jury awarded Cole $35,000 in damages. (Id. ¶ 17.)

With regard to Plaintiff Edmond's individual claim for damages, the jury found that Edmond had not been removed from Beale Street pursuant to the well-established practice described above and Edmond's arrest was not unlawful.[1] (Id. ¶¶ 18, 21.) Accordingly, the jury did not award any damages to Edmond. (Id. ¶ 30.)

Subsequent to entry of the jury's verdict and after considering the jury's factual findings, the Court ruled that "the City of Memphis' practice of ordering all persons to immediately leave the sidewalks and street on Beale Street without consideration to whether conditions throughout the Beale Street area pose an existing, imminent or immediate threat to public safety is unconstitutional." (ECF No. 161 at 1-2.)

**C.  Procedural History**

On February 25, 2013, Lakendus Cole and Leon Edmond

---

[1] Although the jury was not required to answer question 19 on the Jury Verdict Form, the jury found that "the conditions throughout the Beale Street area did NOT pose an existing, imminent or immediate threat to public safety at the time the police officers initiated the custom and/or well-established practice described in Question 1 on May 5, 2012." (Verdict ¶ 19.)

(collectively, "Plaintiffs") filed a class action complaint
asserting deprivation of constitutional rights and seeking
injunctive relief and monetary damages. (Compl., ECF No. 1.)
On April 4, 2013, Defendant Cari Cooper filed an answer to
Plaintiffs' complaint. (ECF No. 6.) On April 11, 2013,
Defendant City of Memphis filed an answer. (ECF No. 8.) On
June 14, 2013, Defendant Robert Skelton filed an answer. (ECF
No. 25.) On June 18, 2013, Defendants Christopher Bing, John
Faircloth, Robert Forbert, and Samuel Hearn filed an answer.
(ECF No. 27.)

On April 2, 2013, Defendants Robert Forbert and John
Faircloth filed a motion to dismiss for failure to state a
claim. (ECF No. 5.) On April 10, 2013, Plaintiffs filed a
response in opposition to the motion to dismiss. (ECF No. 7.)
On June 4, 2013, the Court entered an order granting in part and
denying in part the motion to dismiss. (ECF No. 22.) The Court
found that Plaintiffs have stated a claim pursuant to Rule 8(a)
of the Federal Rules of Civil Procedure but dismissed
Plaintiffs' substantive due-process claim under the Fourteenth
Amendment as to Defendants Robert Forbert and John Faircloth.
(ECF No. 22.)

On May 16, 2013, Defendant Christopher Bing filed a motion
to dismiss for failure to state a claim. (ECF No. 12.) On

May 28, 2013, Plaintiffs filed a response in opposition to the motion to dismiss. (ECF No. 13.) On June 6, 2013, the Court entered an order granting in part the motion to dismiss as to Plaintiffs' substantive due-process claim under the Fourteenth Amendment but denying in part the motion as to all other claims against Bing. (ECF No. 23.)

On May 31, 2013, Defendant Samuel Hearn filed a motion to dismiss for failure to state a claim. (ECF No. 21.) No response was filed within the required time. On July 10, 2013, the Court entered an order granting in part the motion to dismiss as to Plaintiffs' substantive due-process claim under the Fourteenth Amendment but denying in part the motion as to all other claims against Hearn. (ECF No. 29.)

On November 27, 2013, Plaintiffs filed a motion to certify class. (ECF No. 36.) Defendant City of Memphis filed a response on December 18, 2013. (ECF No. 40.) On January 9, 2014, the Court held a hearing on the motion. (ECF No. 42.) Plaintiffs filed a supplemental memorandum of law in support of its motion for class certification on June 30, 2014. (ECF No. 85.) Defendant City of Memphis filed its response to the supplemental memorandum on July 7, 2014 (ECF No. 86), and Plaintiffs filed their reply on July 14, 2014 (ECF No. 87). On September 29, 2014, the Court granted in part and denied in part

Plaintiffs' motion to certify class ("Order Certifying Class").
(ECF No. 88.)  In the Court's Order, the Court certified
Plaintiffs' proposed class under Rule 23(b)(2) of the Federal
Rules of Civil Procedure for the purposes of injunctive and
declaratory relief, and denied certification under Rule
23(b)(3).  (ECF No. 88 at 41.)

On October 23, 2014, Plaintiffs filed a notice of dismissal
with prejudice of Plaintiffs' claims against the individual
officers upon stipulation of the parties.  (ECF No. 91.)  The
Court dismissed Plaintiffs' claims against all individual
officers with prejudice in an order entered October 27, 2014.
(ECF No. 93.)

On October 27, 2014, the Defendant City of Memphis filed a
motion for summary judgment.  (ECF No. 92.)  Plaintiffs filed a
response in opposition on November 24, 2014.  (ECF No. 97.)
Defendant filed a reply on December 8, 2014.  (ECF No. 101.)
The Court entered an order granting in part and denying in part
the motion for summary judgment ("Summary Judgment Order") on
January 18, 2015.  (ECF No. 121.)

On October 27, 2014, Plaintiffs filed a motion for partial
summary judgment.  (ECF No. 94.)  Defendant filed a response in
opposition on November 24, 2014.  (ECF No. 95.)  The Court
denied Plaintiffs' motion for partial summary judgment on May

28, 2015. (ECF No. 159.)

A jury trial was held from January 20, 2015 to January 27, 2015. (ECF Nos. 125-28, 138.) The jury reached a verdict on January 27, 2015. (ECF Nos. 138, 141.) The jury found in favor of Plaintiff Cole and against Plaintiff Edmond. (ECF No. 141.)

On February 13, 2015, Defendant filed a motion to decertify or modify class. (ECF No. 148.) Plaintiffs filed a response in opposition to Defendant's motion on February 20, 2015. (ECF No. 154.)

The Court issued a Scheduling Order setting a deadline of February 17, 2015 for additional briefing on remedies. (ECF No. 147.) On February 17, 2015, the parties submitted briefs regarding declaratory, injunctive and other equitable relief. (ECF Nos. 150-51.) The parties filed response briefs on February 20, 2015. (ECF Nos. 152-53.) The Court held a post-verdict hearing on injunctive relief on February 24, 2015. (ECF No. 157.) The Court entered an Order denying in part and granting in part the motion to decertify or modify class on May 28, 2015. (ECF No. 160.)

On June 3, 2015, the Court entered an order granting declaratory and injunctive relief. (ECF No. 161.) On June 16, 2015, Plaintiffs filed a motion for payment of attorneys' fees, reimbursement of expenses, entry of a judgment for Lakendus Cole

and postjudgment interest. (ECF No. 162.) Plaintiffs filed a
bill of costs on June 17, 2015. (ECF No. 166.) The Clerk of
Court stayed a determination of costs on June 23, 2015. (ECF
No. 167.)

On June 24, 2015, Plaintiffs filed a motion for waiver of
objection and to deem granted Plaintiffs' motion for payment of
attorneys' fees, reimbursement of expenses, entry of a judgment
for Lakendus Cole, and postjudgment interest. (ECF No. 169.)
On June 24, 2015, Defendant filed a motion for extension of
current dates (ECF No. 170), which the Court granted on June 25,
2015 (ECF No. 171). Defendant filed a response to Plaintiffs'
motion for payment of attorneys' fees, reimbursement of
expenses, entry of a judgment for Lakendus Cole and postjudgment
interest on June 26, 2015. (ECF No. 172.)

On July 3, 2015, Defendant filed a notice of appeal of
three of the Court's orders in the instant case (ECF Nos. 121,
132, 161). (ECF No. 174.) On July 10, 2015, Plaintiffs filed a
motion (ECF No. 176) and amended motion for exercise of
continuing jurisdiction over equitable relief and a motion for
payment of attorneys' fees, reimbursement of expenses, entry of
a judgment for Lakendus Cole, and post-judgment interest (ECF
No. 177). On July 30, 2015, Plaintiffs filed a motion to
correct and supplement the record. (ECF No. 183.) The Court

9

granted Plaintiffs' amended motion for exercise of continuing
jurisdiction over equitable relief and Plaintiffs' motion for
payment of attorneys' fees, reimbursement of expenses, entry of
a judgment for Lakendus Cole, and postjudgment interest on July
31, 2015.  (ECF No. 184.)

## II.  ANALYSIS

### A.    Jury Award of Damages Pursuant to § 1983

Section 1983 "creates a species of tort liability in favor
of persons who are deprived of rights, privileges, or immunities
secured to them by the Constitution." Memphis Cmty. Sch. Dist.
v. Stachura, 477 U.S. 299, 305-06 (1986) (internal quotation
marks omitted).  "Accordingly, when § 1983 plaintiffs seek
damages for violations of constitutional rights, the level of
damages is ordinarily determined according to principles derived
from the common law of torts."  Id. at 306.  "[T]he rules
governing compensation for injuries caused by the deprivation of
constitutional rights should be tailored to the interests
protected by the particular right in question . . . ."  Carey v.
Piphus, 435 U.S. 247, 259 (1978).

The Court previously ruled that "the City of Memphis'
practice of ordering all persons to immediately leave the
sidewalks and street on Beale Street without consideration to
whether conditions throughout the Beale Street area pose an

existing, imminent or immediate threat to public safety is unconstitutional." (ECF No. 161 at 1-2.) The jury awarded Plaintiff Cole compensatory damages in the amount of $35,000.00 after finding that the City's sweep of Beale Street caused damages to Plaintiff Cole. (See Verdict ¶¶ 1-17.) Specifically, the jury found: 1) the Beale Street Sweep "prevented Plaintiff Cole from standing and/or walking on the sidewalk or street of Beale Street on August 26, 2012" (id. ¶ 7); 2) "the conditions throughout the Beale Street area [at that time] did NOT pose an existing, imminent or immediate threat to public safety" (id. ¶ 8); 3) Defendant "unlawfully arrested Plaintiff Cole without probable cause in violation of the Fourth Amendment on August 26, 2012" (id. ¶ 10); 4) the Beale Street Sweep "was the cause of Plaintiff Cole's unlawful arrest on August 26, 2012" (id. ¶ 11); 5) Defendant "used excessive force during the arrest of Plaintiff Cole in violation of the Fourth Amendment on August 26, 2012" (id. ¶ 13); 6) the Beale Street Sweep "was the cause of excessive force being used during the arrest of Plaintiff Cole in violation of the Fourth Amendment on August 26, 2012" (id. ¶ 14); and 7) the Beale Street Sweep "caused damages to Plaintiff Cole" in the amount of $35,000.00 (id. ¶¶ 16-17).

Defendant does not oppose "entry of the judgment awarding

11

Lakendus Cole $35,000.00 based upon the jury verdict." (ECF No. 172 at 1.)

For these reasons, the Court finds that the jury's award of $35,000.00 to Plaintiff Cole is sufficiently tailored to his due process and Fourth Amendment rights.

The jury found that Plaintiff Leon Edmond did not suffer any damages as a result of Defendant's conduct. (See ECF No. 141 ¶¶ 18-30.) Accordingly, Plaintiff Edmond is not entitled to an award for damages.

**B. Prejudgment and Postjudgment Interest**

In Plaintiffs' Complaint, Plaintiffs seek prejudgment and postjudgment interest. (Compl. at 28, ECF No. 1.) Pursuant to 28 U.S.C. § 1961(a), postjudgment "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."

Under Sixth Circuit precedent, "in an action based on federal question jurisdiction, the award of prejudgment interest is committed to the sound discretion of the trial court." Young v. Langley, 840 F.2d 19, 1988 WL 12805, at *1 (6th Cir. 1988); see also Lentz v. City of Cleveland, 333 F. App'x 42, 51 (6th Cir. 2009). "Prejudgment interest is appropriate if needed to make a plaintiff whole." Lentz, 333 F. App'x at 51 (citing Anderson v. Whittaker Corp., 894 F.2d 804, 809 (6th Cir. 1990)).

12

"The award serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." Young, 1988 WL 12805, at *1 (internal quotation marks omitted). Moreover, a request for prejudgment interest made in the initial complaint will be considered timely. Farber v. Massillon Bd. of Educ., 917 F.2d 1391, 1401 (6th Cir. 1990).

In a federal question cause of action, the decision to calculate prejudgment interest pursuant to state law or federal common law is left to the discretion of the district court. See Ford v. Uniroyal Pension Plan, 154 F.3d 613, 619 (6th Cir. 1998); E.E.O.C. v. Wooster Brush Co. Emps. Relief Ass'n, 727 F.2d 566, 579 (6th Cir. 1984) ("All of the foregoing suggest to us that the matter of prejudgment interest remains essentially one for the discretion of the trial judge.").

Based on the unambiguous language of § 1961(a), the Court finds that Plaintiff Cole is entitled to postjudgment interest on his damages award. With regard to prejudgment interest, Defendant does not raise an argument in opposition to the assessment of prejudgment interest. (See ECF No. 172.) Accordingly, the Court finds that prejudgment interest is appropriate in the instant case.

Causes of action under § 1983 begin to accrue "when the plaintiff knows or has reason to know of the injury which is the basis of his action." <u>Eidson v. State of Tennessee Dep't of Children's Servs.</u>, 510 F.3d 631, 635 (6th Cir. 2007). In the instant case, Plaintiff Cole suffered his initial injury as a result of Defendant's unconstitutional conduct on August 26, 2012. (<u>See</u> Verdict ¶¶ 7-16.) Accordingly, prejudgment interest in the instant case is calculated from August 26, 2012 until the date of entry of judgment—August 27, 2015. Calculating the interest pursuant to federal law, the Court finds that Lakendus Cole is entitled to prejudgment interest on his award for consequential damages in the amount of $411.48.

**C.   Attorneys' Fees**

Pursuant to 42 U.S.C. § 1988(b), "In any action or proceeding to enforce a provision of [section 1983] of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."

Defendant does not dispute that Cole is the prevailing party or that he is entitled to attorneys' fees under § 1988. Defendant contends that 1) "the rates of Mr. Spence and Mr. Meredith should be reduced to more accurately reflect the market rate and prior case law on fee shifting;" 2) time spent on

14

overlapping research and failed motions should not be compensated; and 3) "there is no basis for an enhancement of the lodestar fee." (ECF No. 172 at 2, 3, 7.)

### 1. Rates

With regard to determining reasonable attorneys' fees, the Sixth Circuit has explained,

> When making a determination of a reasonable attorney fee, a district court begins by determining "the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate." Adcock-Ladd v. Sec'y of Treasury, 227 F.3d 343, 349 (6th Cir.2000). We have explained that "[a] district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." Wayne v. Vill. of Sebring, 36 F.3d 517, 533 (6th Cir.1994). "A trial court, in calculating the 'reasonable hourly rate' component of the lodestar computation, should initially assess the 'prevailing market rate in the relevant community.'" Adcock-Ladd, 227 F.3d at 350 (quoting Blum v. Stenson, 465 U.S. 886, 895, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). The prevailing market rate is "that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." Id. A district court is permitted to "rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." Van Horn v. Nationwide Prop. & Cas. Ins. Co., 436 Fed.Appx. 496, 499 (6th Cir.2011); see Dowling v. Litton Loan Servicing LP, 320 Fed.Appx. 442, 447 (6th Cir.2009) (affirming a district court's calculation of a reasonable hourly rate based on the court's "knowledge of local billing practices" and counsel's customary billing rates).

Waldo v. Consumers Energy Co., 726 F.3d 802, 821-22 (6th Cir. 2013).

15

Defendant concedes that the rate sought for Mr. Whitwell,
$170.00 per hour, is a reasonable rate.  (ECF No. 172 at 2.)
Defendant argues that the rates sought by Plaintiffs for Mr.
Spence and Mr. Meredith, $350.00 per hour and $250.00 per hour
respectively, exceed the relevant market rate for their
services.  (Id.)  In support of this argument, Defendant submits
affidavits from J. Michael Fletcher and Robert D. Meyers, both
of whom have worked as "special counsel" for the City of
Memphis.  (ECF Nos. 172-1, 172-2.)  Mr. Fletcher states in his
affidavit that he is "compensated at the rate of $150.00 per
hour" for his work as special counsel.  (ECF No. 172-1 ¶ 6.)
Mr. Meyers states that he is compensated for his work as special
counsel at a rate of $211.00 per hour.  (ECF No. 172-2 ¶ 10.)
Mr. Meyers further states that "the appropriate range for
partner fees is between the rate of $230.00 and $275.00 per
hour."  (Id. ¶ 11.)

Plaintiffs argue that the rates sought for Mr. Spence and
Mr. Meredith are reasonable "based on the complexity of the
issues and the procedural history of this case."  (ECF No. 162-1
at 10.)  Plaintiffs submit multiple affidavits in support of the
requested rates.  (ECF Nos. 162-2 to 162-6.)  Additionally,
Plaintiffs cite to multiple federal cases in the State of
Tennessee where the district court awarded hourly rates that

16

exceed the rates sought in the instant case.  (ECF No. 162-1 at
11 (citing Doe v. Bd. of Educ. of Memphis City Sch., 2007 U.S.
Dist. LEXIS 103207 (W.D. Tenn. Jan. 9, 2007); Crawford v. Metro
Nashville, 2010 U.S. Dist. LEXIS 146232 (M.D. Tenn. March 9,
2010); Villegas v. Metro. Gov't of Davidson Cnty., 2012 U.S.
Dist. LEXIS 135110 (M.D. Tenn. Sept. 20, 2012)).)

    The Court agrees with Plaintiffs that the requested rates
for Mr. Spence and Mr. Meredith are reasonable for five reasons.
First, the Court notes that Mr. Spence (29 years) and Mr.
Meredith (7 years), have significant legal experience and
expertise in constitutional law.  (See ECF No. 162-1 at 11; ECF
No. 162-2 ¶¶ 6, 8; ECF No. 162-4 ¶ 6.)  Second, the instant case
was of at least moderate complexity.  The case included class
certification, two motions for summary judgment, multiple
motions in limine, a six-day jury trial, multiple post-verdict
motions, and declaratory and injunctive relief in a complex area
of the law—constitutional due process, the Fourth Amendment, and
municipal liability based on an unconstitutional custom.

    Third, the Court finds persuasive Plaintiffs' citation to
cases of similar complexity where the district court awarded the
same or higher attorneys' fees pursuant to § 1988.  The
complexity of the instant case, because of the class
certification issue, may actually exceed the complexity of those

17

cases due to the lack of an asserted class action.

Fourth, the affidavits submitted by Plaintiffs are also persuasive. Jeffrey S. Rosenblum, an attorney in the State of Tennessee since 1989 with extensive experience litigating § 1983 cases, attested that the rates sought by Plaintiffs were reasonable. (ECF No. 162-3 ¶¶ 2, 8.) William B. Ryan, an attorney in Tennessee with experience in § 1983 cases, stated that "the fee requested by Plaintiffs' counsel is reasonable under the standards set by 42 U.S.C. § 1988 and the case precedent construing § 1988." (ECF No. 162-5 ¶ 12.) Mr. Ryan further stated that in his opinion, "many lawyers would have declined to undertake the representation of the Plaintiffs in this case because of the legal issues that exist in a case such as this." (Id.) James E. King, a Tennessee attorney who has litigated against the Spence Firm and is familiar with § 1983 cases, stated that it is his opinion "that the Spence Firm has earned all of the attorneys' fees and costs it is seeking . . . ." (ECF No. 162-6 ¶¶ 2, 4-5, 7.)

These affidavits are particularly persuasive because, unlike the affidavits submitted by Defendant, these affidavits come from individuals unrelated to the parties in the instant case.

Finally, the Court's "knowledge of local billing practices"

18

confirms that the requested rates are reasonable.

### 2. Overlapping Time and Failed Motions

In Defendant's response in opposition to the instant motion, Defendant points out that "[t]he records reflect 17.8 attorney hours related to an unsuccessful motion seeking [to] strike the affidavit of Arley Knight and for sanctions against the City." (ECF No. 172 at 3.) Defendant "note[s] extensive and perhaps overlapping research on legal issues by Mr. Spence and Mr. Meredith, such as class certification." (Id.) Defendant also "question[s] the propriety of including 46.4 hours related to the preparation of the Motion for Fees." (Id.)

Notwithstanding Defendant's assertions, the Court finds that Plaintiffs have submitted sufficient evidence to establish reasonableness of the hours logged. Both Mr. Rosenblum and Mr. King attested to the reasonableness of the hours charged. (ECF No. 162-3 ¶ 8; ECF No. 162-6 ¶ 8.) The Court has also reviewed the submitted time sheets and finds that the time logged by Plaintiffs' counsel is reasonable.

### 3. Enhancement

"[T]he lodestar method yields a fee that is presumptively sufficient to achieve this objective." Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 552 (2010). This "presumption is a strong one." Id. (internal quotation marks omitted). In

19

addition to the lodestar amount, "enhancements may be awarded in rare and exceptional circumstances." Id. (internal quotation marks omitted). The Supreme Court has listed examples of when an enhancement is appropriate: 1) "[w]hen a plaintiff's attorney achieves results that are more favorable than would have been predicted based on the governing law and the available evidence," and those results are attributable to the superior attorney performance; 2) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value;" and 3) "the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted." Id. at 554-555. "[T]he novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors presumably [are] fully reflected in the number of billable hours recorded by counsel." Id. at 553. The fee applicant has burden of proving the necessity of an enhancement, which requires production of specific evidence. Id.

Plaintiffs argue that "[t]his case merits an enhancement of the lodestar because a substantial amount of the attorney time spent litigating this case was exclusively dedicated to provide nonpecuniary benefit to the public by protecting and preserving the fundamental constitutional rights of the multitude of

20

persons who visit Beale Street." (ECF No. 162-1 at 17.)
Plaintiffs assert that courts have granted enhancements where a
plaintiff's victory benefits those other than the plaintiff.
(Id. at 19 (citing Bass v. Dellagicoma, 2013 U.S. Dist. LEXIS
93044 (D.N.J. June 28, 2013)).) Plaintiffs further assert that
courts consider whether counsel's performance "produce[s] an
especially beneficial result for the class." (Id. at 20 (citing
Van Horn v. Nationwide, 436 F. App'x 496 (6th Cir. 2011)).)
Plaintiffs' aver that "[o]btaining permanent injunctive relief
provides immeasurable benefit for the class members and
prospective visitors to Beale Street." (Id. at 17.) Plaintiffs
contend that the value of this benefit to the class supports
enhancement of the lodestar calculation by a multiplier of 1.5.
(See id. at 20-21.)

Defendant argues that enhancement is inappropriate in the
instant case because the result was expected under existing law.
(ECF No. 172 at 6.) Defendant avers that "[t]here was no
shortage of 'available evidence'" in the instant case. (Id.)
Defendant further asserts that there is no specific proof that
enhancement is required to adequately measure Plaintiffs'
counsels' market value, the costs in the instant case were not
extraordinary, and there was no exceptional delay. (Id.)

The Court agrees with Defendant that this case does not

fall within the examples of the rare cases articulated by the Supreme Court in Perdue. The result in this case cannot be said to be unexpected based on the superior performance of Plaintiffs' counsel. This is especially true in the instant case in light of the fact that one of the plaintiffs did not prevail on the merits. The market values of Plaintiffs' attorneys are the values calculated by the lodestar method and supported by the affidavits submitted by Plaintiffs. There is no evidence to support higher values than the requested rates. Additionally, Plaintiffs do not argue and the Court does not find that there was exceptional delay in the instant case.

With regard to Plaintiffs' argument that enhancement is justified based on the benefit conferred to class members, the Court finds the benefit rendered to the class is an appropriate factor to consider. See Van Horn, 436 F. App'x at 500. The instant case resulted in a finding that the Beale Street Sweep was conducted in violation of the due process clause of the Fourteenth Amendment. (ECF No. 161 at 19-20.) This result is not insignificant to the other class members' interests. Additionally, Plaintiffs' argument regarding the benefit to the general public is well-taken. In light of the injunctive relief prohibiting the Beale Street Sweep and requiring additional training of police officers to be more aware of an individual's

constitutional rights, the results achieved by Plaintiffs'
counsel go beyond the interests of the parties in the instant
case.  For these reasons, the Court finds it appropriate to
award Plaintiffs' counsel a 15% enhancement (1.15 multiplier).

**V.    CONCLUSION**

For the foregoing reasons, Defendant City of Memphis is
ORDERED to pay Lakendus Cole $35,000.00 in damages as awarded by
the jury in this case; Defendant City of Memphis is further
ORDERED to pay Lakendus Cole $411.48 in prejudgment interest on
the damages award; Lakendus Cole's request for postjudgment
interest on the damages award is GRANTED.  The Court further
GRANTS Plaintiffs' motion as to the request for attorneys' fees.
The Court awards Spence Law Firm, PLLC $389,563.50 as attorneys'
fees based on 1,468.35 hours of labor.  The Court further awards
Spence Law Firm, PLLC an enhancement of the award of attorneys'
fees in the amount of $58,434.53, for a total attorneys' fees
award of $447,998.03.

Additionally, in light of the Court's findings in the
instant order and the Court's order granting Defendant an
extension of time to file a response (ECF No. 171), Plaintiffs'
motion for waiver of objection and to deem granted Plaintiffs'
motion for payment of attorneys' fees, reimbursement of
expenses, entry of a judgment for Lakendus Cole, and

postjudgment interest (ECF No. 169) is TERMINATED as moot.

**IT IS SO ORDERED,** this 27th day of August, 2015.

/s/ Jon P. McCalla
JON P. McCALLA
U.S. DISTRICT COURT JUDGE