IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LAKENDUS COLE and LEON EDMOND, individually and as representatives of all others similarly situated,<br><br>   Plaintiffs,<br>v.<br><br>CITY OF MEMPHIS, TENNESSEE,<br><br>   Defendant. | No. 2:13-cv-02117-JPM-dkv |

**JUDGMENT AND EQUITABLE RELIEF**

**JUDGMENT BY COURT.**  This action having come before the Court on a Plaintiffs' Complaint (ECF No. 1), filed February 25, 2013, and the issues having been considered, and decision rendered following a jury trial,

Plaintiff Lakendus Cole is awarded a total of $35,411.48 in damages and prejudgment interest, plus postjudgment interest:

   $35,000.00 in damages pursuant to 42 U.S.C. § 1983; and

   $411.48 in prejudgment interest.

Plaintiffs' motion for attorneys' fees granted; the total amount of attorneys' fees awarded is $447,998.03:

   $389,563.50 in lodestar fees; and

   $58,434.53 pursuant to the Court's 15% enhancement of
   attorneys' fees.

Pursuant to Rule 23(c)(3)(A) of the Federal Rules of Civil Procedure, the Court describes the members of the instant class as follows: All persons who have been unlawfully removed from Beale Street and/or adjacent sidewalks by City of Memphis police

officers pursuant to the custom, policy and practice known as the Beale Street Sweep.

Additionally, the Court defines the Beale Street Sweep as the policy, procedure, custom, or practice by which police officers of the Memphis Police Department order all persons to immediately leave the sidewalks and street on Beale Street without consideration of whether conditions throughout the Beale Street area pose an existing, imminent or immediate threat to public safety.

**PERMANENT INJUNCTION AND DECLARATORY RELIEF**

    1) The Court DECLARES that, since at least 2007, the City of Memphis violated the constitutional rights of thousands of persons who were subjected to "the Beale Street Sweep," that is, "the policy, procedure, custom, or practice by which police officers of the Memphis Police Department order all persons to immediately leave the sidewalks and street on Beale Street without consideration to whether conditions throughout the Beale Street area pose an existing, imminent or immediate threat to public safety."

    2) The City of Memphis and its agents and employees, are PERMANENTLY ENJOINED from engaging in "the Beale Street Sweep" defined as "the policy, procedure, custom, or practice by which police officers of the Memphis Police Department order all persons to immediately leave the sidewalks and street on Beale Street without consideration

2

to whether conditions throughout the Beale Street area pose an existing, imminent or immediate threat to public safety."[1]

3) The City of Memphis and its agents and employees, are PERMANENTLY ENJOINED from placing, or allowing to be placed signage on Beale Street declaring that the street will be cleared at 3:00 a.m.

4) The City of Memphis is ORDERED to remove any and all signage on Beale Street declaring that the street will be cleared at 3:00 a.m.

5) The City of Memphis is ORDERED to distribute an Informational Bulletin to officers explaining that "the Beale Street Sweep," defined as "the policy, procedure, custom, or practice by which police officers of the Memphis Police Department order all persons to immediately leave the sidewalks and street on Beale Street without consideration to whether conditions throughout the Beale Street area pose an existing, imminent or immediate threat to public safety," is unconstitutional.

---

[1] The permanent injunction does not prevent the MPD from clearing Beale Street when there is an imminent threat to public safety throughout the Beale Street area.

6) The City of Memphis shall train its officers that the Beale Street Sweep defined as "the policy, procedure, custom, or practice by which police officers of the Memphis Police Department order all persons to immediately leave the sidewalks and street on Beale Street without consideration to whether conditions throughout the Beale Street area pose an existing, imminent or immediate threat to public safety," is unconstitutional and shall not be carried out.

7) The City of Memphis shall train its officers as to a) why the Beale Street Sweep is unconstitutional and an unlawful use of police power; b) what constitutes an imminent threat to public safety so that the officers may clear the street when necessary in a constitutionally permissible way; and c) the ordinances and other laws that apply to Beale Street.

8) The Court DETERMINES that appointment of a limited neutral monitor is appropriate in the instant case.  The monitor shall observe and report on the progress of the training of MPD officers, which may be carried out internally by the MPD.  The monitor shall summarize the

progress and status of the training of MPD officers in a quarterly report to the Court. The monitor shall perform this task for a period of one year following his or her appointment.

9) The monitor shall also review the records of arrests for the Beale Street Entertainment District that occur between the hours of 1:00 a.m. and 6:00 a.m. and determine whether those arrests occur as a result of "the Beale Street Sweep" defined as "the policy, procedure, custom, or practice by which police officers of the Memphis Police Department order all persons to immediately leave the sidewalks and street on Beale Street without consideration to whether conditions throughout the Beale Street area pose an existing, imminent or immediate threat to public safety." The City shall provide the referenced records to the monitor by 3:00 p.m. on the Monday following each weekend. The monitor shall include the results and findings in a quarterly report to the Court. The monitor shall perform this task for a period of one year following appointment of the monitor.

10) The Court will hold quarterly hearings to be attended by Plaintiffs' counsel, a representative of the City of

5

Memphis, counsel for the City of Memphis, and the monitor. The monitor shall provide a written quarterly report to the Court seven (7) days prior to the quarterly hearing and orally present his or her findings regarding the City of Memphis' compliance with the Court's Order.  The hearings will occur for a period of one year following appointment of the monitor.

11) It is not contemplated that the position of monitor will be a full time position.  The City of Memphis shall be liable, however, for reasonable compensation and expenses incurred by the monitor upon approval of the Court.  The monitor shall submit invoices for costs to the Court on the first day of each month subsequent to the monitor's appointment.

12) The parties may jointly nominate an individual for the position of monitor and present that nomination to the Court in a hearing to be set by future setting letter. Alternatively, the parties may nominate separate individuals for the position of monitor.  In the latter case, the Court may appoint one of the parties' nominees or another satisfactory individual to the position of monitor.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that the Judgment is hereby entered in accordance with the Court's Order Granting Monetary Damages, Prejudgment Interest, and Postjudgment Interest (ECF No. 188); and Order Granting Declaratory and Injunctive Relief (ECF No. 161).


APPROVED:


/s/ Jon P. McCalla _____
JON P. McCALLA
U.S. DISTRICT COURT JUDGE

August 27, 2015 _____
Date