IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LAKENDUS COLE AND LEON EDMUND, individually and as representatives of all others similarly situated, ) ) ) ) ) ) Plaintiffs, ) ) v. ) ) CITY OF MEMPHIS, ) and ROBERT FORBERT, SAMUEL HEARN, ) CHRISTOPHER BING, JOHN FAIRCLOTH, ) CARI COOPER and ROBERT SKELTON, ) IN THEIR OFFICIAL CAPACITIES ) AS CITY OF MEMPHIS ) POLICE OFFICERS, ) ) ) Defendants. ) | No. 2:13-cv-02117-JPM-dkv<br><br>JURY TRIAL DEMANDED |

**ORDER GRANTING MOTION TO LIFT PARTIAL STAY OF JUDGMENT**
**&**
**CONCERNING MOTION FOR SUPPLEMENTAL AWARD OF ATTORNEYS' FEES REIMBURSEMENT OF EXPENSES, AND POST-JUDGMENT INTEREST**

Before the Court are Motions to Lift Partial Stay of Judgment (ECF No. 235) and for Supplemental Award of Attorneys' Fees Reimbursement of Expenses, and Post-Judgment Interest (ECF No. 236) filed by Plaintiff Lakendus Cole, individually and on behalf of the class, on January 25, 2017. Defendants City of Memphis and City of Memphis Police Officers Robert Forbert, Samuel Hearn, Christopher Bing, John Faircloth, Cari Cooper, and Robert Skelton in their official capacities (collectively, "Defendant City of Memphis" or "Defendant") filed responses in opposition on February 3, 2017 (ECF No. 242) and February 7, 2017 (ECF No. 243). With leave, Plaintiff filed a reply to Defendant City of Memphis's response on the issue of

the Court lifting the partial stay on February 8, 2017. (ECF No. 246.) Defendants filed a sur-reply with leave in opposition on February 14, 2017. (ECF No. 249.) For the reasons stated below, the Court GRANTS Plaintiff's Motion to Lift Partial Stay of Judgment (ECF No. 235) and ORDERS Defendant to file its response to Plaintiff's Motion for Supplemental Award of Attorneys' Fees, Reimbursement of Expenses, and Post-Judgment Interest (ECF No. 236) no later than fourteen (14) days from the date of entry of this Order.

I. BACKGROUND

On August 27, 2015, this Court entered a Judgment awarding Plaintiff $35,000.00 in damages as awarded by the jury and $411.48 in prejudgment interest. (ECF No. 188 at PageID 2401.) The Court also granted Plaintiff's request for post-judgment interest and attorney fees in the amount of $447,998.03 for work conducted by Spence Law Firm, PLLC. (Id.)

On October 28, 2015, the Court stayed the "judgment against [Defendant City of Memphis] for monetary damages without the posting of a supersedeas bond." (ECF No. 207 at PageID 2824.) The Court, however, did not stay "the injunctive relief in paragraphs 7(b) and 8 of the Order Granting Declaratory and Injunctive Relief, filed on June 3, 2015 (ECF No. 161), on the basis that each of the four (4) factors required to be considered by a trial court in determining whether to grant a stay weigh against the issuance of a stay of the injunctive relief." (Id.) Thereafter, Defendant appealed to the Sixth Circuit. (ECF No. 174.) The appeal concluded, affirming the Court's judgment on October 17, 2016 (ECF No. 232), and a mandate issued on January 12, 2017 (ECF No. 234).

On January 25, 2017, Plaintiff filed two motions: (1) Motion to Lift Partial Stay of Judgment (ECF No. 235) and (2) a Motion for Supplemental Award of Attorneys' Fees

2

Reimbursement of Expenses, and Post-Judgment Interest (ECF No. 236). Plaintiff requests the Court lift the partial stay now that the Sixth Circuit's mandate has issued. (ECF No. 235.) Plaintiff also requests that as the prevailing party on appeal he and the class he represents receive reasonable attorneys' fees, an enhancement of those fees by 1.15 (i.e. 15%), reimbursement of fees and expenses, and post-judgment interest that includes attorneys' fees and expenses from the date of Judgment entered on August 27, 2015. (ECF No. 236-1 at PageIDs 3379-80.)

Defendant responded in opposition to the proposition that the Court lift the partial stay on February 3, 2017. (ECF No. 242.) Defendant argues that the "Court has the power to continue the partial stay" and "should exercise this power and continue the partial stay through final disposition of the City's certiorari petition." (Id. at PageIDs 3415-16 (citing Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc., 87 S. Ct. 1, 3 (1966) (Harlan, J., in chambers) for proposition that Federal Rule of Civil Procedure 62 "continues in force through the certiorari stage;" and citing the All Writs Act. 28 U.S.C. § 1651(a) as giving this Court statutory power to continue the stay.) Defendant contends that continuing the stay will not prejudice Plaintiff because post-judgment interest will continue to accrue through the disposition of the certiorari petition, and ultimately "maintain the status quo." (Id. at PageIDs 3416, 3417.) Its petition is also not made "with an improper purpose," Defendant asserts, because "[t]here presently exists a substantial split among the Circuits as to whether and to what extent there is a constitutional right to intra-state travel." (Id. at PageIDs 3416-17.)

On February 7, 2017, Defendant filed a response in opposition to Plaintiff's Motion for Supplemental Award of Attorneys' Fees, Reimbursement of Expenses, and Post-Judgment Interest (ECF No. 236). (ECF No. 243.)

3

In his reply to Defendant's response on the issue of the Court lifting the partial stay, filed on February 8, 2017, Plaintiff argues that the Court cannot stay the execution of the Sixth Circuit's judgment, and that such a request must be sought from either the Sixth Circuit itself or the United States Supreme Court pursuant to 28 U.S.C. § 2101(f). (ECF No. 246.)

Defendant contends in its sur-reply, filed on February 14, 2017, that it does not seek for "this Court to stay execution of an appellate court judgment" and that Supreme Court rules suggest this Court has jurisdiction to stay the case pending certiorari review. (ECF No 249 at PageIDs 3448-49 (citing S. Ct. R. 23.3).)

## II. DISCUSSION

### A. Motion to Lift Partial Stay of Judgment (ECF No. 235)

Whether the district court's jurisdiction is restored upon the Court of Appeals mandate such that the district court may stay the execution of judgment pending an application to the Supreme Court for certiorari, is a question that lacks binding precedent in the Sixth Circuit. The question has been answered, however, by many district courts across the nation. The general consensus is that district courts are not permitted on either legal or prudential grounds to issue a stay following a Court of Appeals mandate pending an application to the Supreme Court for certiorari.[1]

---

[1] Kozman v. Trans World Airlines Inc., 145 F. Supp. 140, 141 (S.D.N.Y. 1956); United States v. Lentz, 352 F. Supp. 2d 718, 726 (E.D. Va. 2005); Hovater v. Equifax Servs., Inc., 669 F. Supp. 392, 393 (N.D. Ala. 1987); Filardo v. Foley Bros., 191 Misc. 671, 78 N.Y.S.2d 689 (1948); In Re Stumes, 681 F.2d 524 (8th Cir. 1982); Mister v. Illinois Central Gulf Railroad Co., 680 F.Supp. 297 (S.D. Ill. 1988) (also rejecting applicability of Fed.R.Civ.P. 62); Deretich v. City of St. Francis, 650 F.Supp. 645 (D. Minn. 1986); Studiengesellschaft Kohle, mbH v. Novamont Corp., 578 F.Supp. 78 (S.D.N.Y. 1983); Int'l Bhd. of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers & Helpers AFL-CIO v. Local Lodge 504, No. CIV. A. 87-5689, 1989 WL 49516, at *1 (E.D. Pa. May 8, 1989); William A. Graham Co. v. Haughey, 794 F. Supp. 2d 566, 568–69 (E.D. Pa. 2011); Ventas, Inc. v. HCP, Inc., No. 3:07-CV-238-H, 2011 WL 3678819, at *2 (W.D. Ky. Aug. 22, 2011); Kentucky Commercial Mobile Radio Serv. Emergency Telecommunications Bd. v. Tracfone Wireless, Inc., 953 F. Supp. 2d 780, 781 (W.D. Ky. 2013); Hi-Lex Controls, Inc. v. Blue Cross & Blue Shield of Michigan, No. 11-12557, 2014 WL 3928451, at *4 (E.D. Mich. Aug.

Courts hold that there is no federal law or rule that would provide district courts legal grounds to issue such a stay. Contrary to Defendant's argument that this Court may continue its Federal Rule of Civil Procedure 62 stay "through the certiorari stage" (ECF No. 242 at PageIDs 3415-16), courts find that "[t]he power of a district court to grant a stay of judgment pending appeal [under Federal Rule of Civil Procedure 62(d)] terminates when the Court of Appeals issues its mandate." Gander v. FMC Corp., 733 F.Supp. 1346, 1347 (E.D. Mo.1990); accord Kentucky Commercial Mobile Radio Serv. Emergency Telecommunications Bd. v. Tracfone Wireless, Inc., 953 F. Supp. 2d 780, 781 (W.D. Ky. 2013); Hi-Lex Controls, Inc. v. Blue Cross & Blue Shield of Michigan, No. 11-12557, 2014 WL 3928451, at *3 (E.D. Mich. Aug. 12, 2014).

> It is one thing for a district court to grant a stay of its own judgment under Rule 62(d) pending the resolution of an appeal to the Court of Appeals. . . . It is quite another thing for [a district] court to grant a motion to stay under the present circumstances. The district court judgment has been superseded by the judgment of the Court of Appeals, even though the latter affirms the district court judgment in all respects. The defendants will be asking the Supreme Court to overturn the judgment of the Court of Appeals, not that of the district court.

William A. Graham Co. v. Haughey, 794 F. Supp. 2d 566, 568–69 (E.D. Pa. 2011). The Court agrees that its stay expired when the Sixth Circuit issued its mandate; to find otherwise would permit district courts to stay Court of Appeals decisions whether or not they affirmed or reversed the district court on the district court's whim that the Supreme Court may grant the party's petition.

Courts find that authority to issue a stay following a Court of Appeal mandate is rooted in 28 U.S.C. § 2101(f), which only vests authority to grant such a stay with the Court of Appeals or a Justice of the Supreme Court. See Hi-Lex Controls, 2014 WL 3928451, at *3; see also Sup.

---

12, 2014); United States v. Shaw, 115 F. Supp. 532, 532–33 (D.D.C. 1953) ("Any stay of proceedings must be sought in the Court issuing the mandate rather than the Court receiving it.").

Ct. R. 23.2 ("A party to a judgment sought to be reviewed may present to a Justice an application to stay the enforcement of that judgment. See 28 U. S. C. § 2101(f)."). "[I]t is simply not an appropriate function for [a district] court to pass on the likelihood that the ruling of a higher court will be accepted for review by the Supreme Court; rather, that function is properly performed by the court of appeals or the Supreme Court, as contemplated by § 2101(f)." United States v. Lentz, 352 F. Supp. 2d 718, 726 (E.D. Va. 2005) (internal quotation marks omitted). The Court agrees with our sister courts that the language of § 2101(f) excludes the district courts from issuing a stay of a mandate by the Court of Appeals pending an application to the Supreme Court for certiorari. If Defendant desires a further stay of execution in this matter, it is the Sixth Circuit or the Supreme Court which must issue the order, not this court.

The Court is also unpersuaded by Defendant's argument that this Court has authority to stay execution of the judgment under the All Writs Act 28 U.S.C. § 1651 or under the Supreme Court's Rules. The All Writs Act 28 U.S.C. § 1651(a) provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). Unlike a stay pending appeal under 28 U. S. C. § 2101(f), 28 U.S.C. § 1651 provides federal courts the authority to grant an injunction pending appeal. Hobby Lobby Stores, Inc. v. Sebelius, 133 S. Ct. 641, 642, 184 L. Ed. 2d 448 (2012). "An injunction pending appeal barring the enforcement of an Act of Congress would be an extraordinary remedy. . . ." Wisconsin Right to Life, Inc. v. Fed. Election Comm'n, 542 U.S. 1305 (2004) (Rehnquist, J., in chambers); see Respect Maine PAC v. McKee, 131 S.Ct. 445 (2010) (Mem.) (noting that the standard for injunctive relief pending appeal is more demanding than the standard for a stay of a judgment).. Defendant has not persuaded the Court why the "extraordinary remedy" of enjoining the

execution of its judgment pending an application to the Supreme Court for certiorari is meritorious in this case.

Defendant has also failed to persuade the Court that the Supreme Court's Rules afford the Court authority to stay execution of its judgment at this juncture. Supreme Court Rule 23 provides that "an application to stay the enforcement of [a] judgment" pursuant to 28 U. S. C. § 2101(f) may be reviewed by a Justice. Sup. Ct. R. 23.2. That application must, "[e]xcept for most extraordinary circumstances," set out how relief was "requested and first sought in the appropriate court or courts below or from a judge or judges thereof. [The application must also] identify the judgment sought to be reviewed. . . ." Sup. Ct. R. 23.3. The Court finds the Supreme Court Rules do not contradict the Court's interpretation above that 28 U.S.C. § 2101(f) does not afford this Court authority to stay execution of its judgment after the Sixth Circuit's mandate while an application for certiorari is pending.

In sum, it would be improper under Federal Rule of Civil Procedure 62, 28 U.S.C. § 2101(f), and 28 U.S.C. § 1651 for the Court to stay or enjoin its execution of judgment in this case at this stage. Because this Court lacks authority to stay the execution of its judgment at this juncture, it GRANTS Plaintiff's Motion to Lift Partial Stay of Judgment (ECF No. 235).

**B.** **Motion for Supplemental Award of Attorneys' Fees, Reimbursement of Expenses, and Post-Judgment Interest (ECF No. 236)**

Having granted Plaintiff's Motion to Lift Partial Stay of Judgment (ECF No. 235), the Court now turns to Plaintiff's Motion for Supplemental Award of Attorney's Fee, Reimbursement of Expenses, and Post-Judgment Interest (ECF No. 236). On February 7, 2017, Defendant responded to Plaintiff's motion, requesting "that this Court reserve briefing and ruling

on Plaintiffs' Motion for Supplemental Award of Attorneys' Fees, Reimbursement of Expenses, and Post-Judgment Interest ("Fee Application") until the partial stay is lifted." (ECF No. 243.)

The Court now orders the parties to fully brief the issues presented in Plaintiff's Motion for Supplemental Award of Attorneys' Fees, Reimbursement of Expenses, and Post-Judgment Interest (ECF No. 236). Defendant must file its reply no later than fourteen (14) days from the date of entry of this Order. Any further replies or responses will require leave of court in accordance with local and federal rules.

**IT IS SO ORDERED**, this 28th day of February, 2017.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT COURT JUDGE