**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| LAKENDUS COLE and LEON EDMUND, individually and as representatives of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | No. 13-cv-2117-JPM-dkv |
| v. | ) ) ) | |
| CITY OF MEMPHIS, ROBERT FORBERT, SAMUEL HEARN, CHRISTOPHER BING, JOHN FAIRCLOTH, CARI COOPER and ROBERT SKELTON, in their official capacities as City of Memphis police officers, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUPPLEMENTAL AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND POST-JUDGMENT INTEREST**

Before the Court is Plaintiff Lakendus Cole individually and on behalf of the class (collectively, "Plaintiffs")'s Motion for Supplemental Award of Attorneys' Fees, Reimbursement of Expenses, and Post-Judgment Interest, filed January 25, 2017.  (ECF No. 236.)  Also before the Court is Plaintiffs' Motion for Supplemental Award of Attorneys' Fees Following Denial of Defendant's Petition for Writ of Certiorari, filed June 21, 2017.  (ECF No. 266.)  As to these motions, Defendant City of Memphis opposes neither Plaintiffs "proffered rates and hours worked" nor Plaintiffs' expenses and interest; Defendant only opposes Plaintiffs' request for enhanced attorneys' fees.  (ECF Nos. 262 & 268.)

1

## I.     BACKGROUND

On August 27, 2015, a Judgment awarding Plaintiff $35,000.00 in damages as awarded by the jury and $411.48 in prejudgment interest was entered. (ECF No. 188 at PageID 2401.)  The Court also granted Plaintiff's motion for attorney fees in the amount of $447,998.03[1] for work conducted by Spence Law Firm, PLLC.  (Id.)

On October 28, 2015, the Court stayed the "judgment against [Defendant City of Memphis] for monetary damages without the posting of a supersedeas bond." (ECF No. 207 at PageID 2824.)  The Court, however, did not stay "the injunctive relief in paragraphs 7(b) and 8 of the Order Granting Declaratory and Injunctive Relief, filed on June 3, 2015 (ECF No. 161), on the basis that each of the four (4) factors required to be considered by a trial court in determining whether to grant a stay weigh against the issuance of a stay of the injunctive relief."  (Id.)  Defendant appealed to the Sixth Circuit.  (ECF No. 174.)  The Court of Appeals affirmed the Court's judgment on October 17, 2016 (ECF No. 232), and a mandate issued on January 12, 2017 (ECF No. 234).

On January 25, 2017, Plaintiff filed two motions: (1) a Motion to Lift Partial Stay of Judgment (ECF No. 235) and (2) a Motion for Supplemental Award of Attorneys' Fees, Reimbursement of Expenses, and Post-Judgment Interest (ECF No. 236).  On February 3, 2017, Defendant responded in opposition to lifting the partial stay.  (ECF No. 242.)  On February 7, 2017, Defendant filed a response in opposition to Plaintiff's Motion for Supplemental Award of Attorneys' Fees, Reimbursement of Expenses, and Post-Judgment Interest (ECF No. 236), and requested to reserve its briefing on these issues until the partial stay is lifted.  (ECF No. 243.)  Plaintiff filed a reply to Defendant's response on the issue of

---

[1] This award included an enhancement of $58,434,53.  (ECF No. 188 at PageID 2401.)

the Court lifting the partial stay on February 8, 2017.  (ECF No. 246.)  Defendant filed in its

sur-reply on February 14, 2017.  (ECF No. 249.)

On February 28, 2017, the Court entered an Order Granting Motion to Lift Partial Stay

of Judgment and Concerning Motion for Supplemental Award of Attorneys' Fees

Reimbursement of Expenses, and Post-Judgment Interest.  (ECF No. 250.)  The Court held

that it lacked authority to stay the mandate of the Court of Appeals, and thus granted

Plaintiff's motion to lift the partial stay.  (Id. at PageID 3456.)  The Court also ordered

Defendant to file its response to Plaintiff's Motion for Supplemental Award of Attorneys'

Fees, Reimbursement of Expenses, and Post-Judgment Interest (ECF No. 236).  (Id. at PageID

3457.)  On March 10, 2017, Defendant filed a Notice of Appeal of the Court's Order.  (ECF

No. 251.)

On March 13, 2017, Defendant filed a Limited Response and Incorporated

Memorandum to Plaintiff's Motion for Supplemental Award of Attorneys' Fees,

Reimbursement of Expenses, and Post-Judgment Interest.  (ECF No. 252.)  Defendant argued

that its Notice of Appeal of the Court's February 28, 2017 Order divested the Court's

jurisdiction to the Sixth Circuit, effectively staying Plaintiffs' motion.  (Id. at PageID 3460.)

With leave of Court, Plaintiffs filed a reply.  (ECF Nos. 253, 255, 256.)  Defendants, with

leave of Court, filed a sur-reply.  (ECF Nos. 257-59.)  On April 3, 2017, the Court entered an

Order Granting Plaintiffs' Motion for Supplemental Award of Attorneys' Fees,

Reimbursement of Expenses, and Post-Judgment Interest.  (ECF No. 260.)  The Court again

ordered that Defendant file a substantive response to Plaintiffs' motion.  (Id. at PageID 3509.)

Defendant filed its response on April 17, 2017.  (ECF No. 262.)  Defendant argues that it does

not oppose the Plaintiffs "proffered rates and hours worked" nor Plaintiffs' expenses and

interest; Defendant only opposes Plaintiffs' request for enhanced attorneys' fees.  (Id. at PageID 3517.)

On June 7, 2017, the Supreme Court denied Defendant's petition for writ of certiorari. (ECF No. 264.)  On June 13, 2017, the Sixth Court granted Defendant's motion to dismiss its appeal of the Court's February 2017 Order.  (ECF No. 265.)

On June 21, 2017, Plaintiffs filed a Motion for Supplemental Award of Attorneys' Fees Following Denial of Defendant's Petition for Writ of Certiorari.  (ECF No. 266.) Plaintiffs filed a Bill of Costs the same day.  (ECF No. 267.)  Defendant filed a response to Plaintiffs' request for attorneys' fees, only opposing the enhancement of fees.  (ECF No. 268.) With leave of Court, Plaintiffs filed a reply on July 13, 2017.  (ECF Nos. 269-71.)

On July 31, 2017, the Clerk of the Court entered an Order Taxing Costs, in which the Clerk of the Court stated that the parties had come to an agreement on expenses.  (ECF No. 273.)

## II.      LEGAL STANDARD

Pursuant to 42 U.S.C. § 1988(b), "In any action or proceeding to enforce a provision of [section 1983] of this title . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ."

Courts generally use a "lodestar" method to determine a reasonable attorneys' fees award.  Old Reliable Wholesale, Inc. v. Cornell Corp., No. 5:06 CV 2389, 2010 WL 446199, at*5 (N.D. Ohio February 2, 2010).  The lodestar method requires the court to calculate fees by multiplying the "hours reasonably expended" by "a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  Before the court determines the lodestar amount, the party seeking fees bears the initial burden of establishing the hours expended by providing

detailed time records that document the tasks completed and the amount of time spent.  See

Granzenier v. Middleton, 173 F.3d 568, 577 (6th Cir. 1999); Anderson v. Wilson, 357 F.

Supp. 2d 991, 999 (E.D. Ky. 2005) (holding that the plaintiffs provided sufficiently detailed

billing records were counsel disclosed "itemized statements describing the subject matter, the

attorney, the time allotment, and the charge for all work done on Plaintiffs' case").

      Once a court determines the hours and rates, it can calculate the lodestar amount, and

then it may make adjustments on the final award based on twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions;
> (3) the skill requisite to perform the legal service properly; (4) the preclusion of
> other employment by the attorney due to the acceptance of the case; (5) the
> customary fee; (6) whether the fee is fixed or contingent; (7) time limitations
> imposed by the client or the circumstances; (8) the amount involved and the
> results obtained; (9) the experience, reputation, and ability of the attorneys;
> (10) the undesirability of the case; (11) the nature and length of the
> professional relationship with the client; (12) and awards in similar cases.

Paschal v. Flagstar Bank, FSB, 297 F.3d 431, 435 (6th Cir. 2002) (quoting Blanchard v.

Bergeron, 489 U.S. 87, 91 n.5 (1989)).  The Supreme Court has stated that the district court

should exclude hours that were "excessive, redundant, or otherwise unnecessary."  Hensley,

461 U.S. at 424.  Wayne v. Vill. of Sebring, 36 F.3d 517, 532 (6th Cir. 1994).  The Court is

required to adjust attorney fee rates to the local market rates for attorneys.  Hadix v. Johnson,

65 F. 3d 532, 536 (6th Cir.1995).

      Ultimately, however, the calculation of attorneys' fees is left to the discretion of the

district court, and, in reaching its conclusion, the court need not articulate its findings as to

each factor.  Nature Conservancy, Inc. v. Sims, 680 F.3d 672, 678 (6th Cir. 2012) ( "This

Circuit does not require that the district court apply the Paschal factors; rather, the touchstone

for reasonableness is simply determining whether a fee 'is one that is adequate to attract

competent counsel, but not produce windfalls to attorneys.'"  (citations omitted) (quoting

Paschal, 297 F.3d at 434); see Healthcall of Detroit, Inc. v. State Farm Mut. Auto. Ins. Co.,
632 F.Supp.2d 676, 680 (E.D. Mich. 2009); Naji v. Lincoln, 2014 WL 6669278 (E.D. Mich.
2014) (The Court "has broad discretion to determine what constitutes a reasonable hourly rate
for an attorney.").

 "[M]ultipliers, or fee enhancements to the Lodestar calculation, are permissible in
some cases of "'exceptional success.'" Barnes v. City of Cincinnati, 401 F.3d 729, 745 (6th
Cir. 2005) (quoting Blum v. Stenson, 465 U.S. 886, 895 (1984)); see also Perdue v. Kenny A.
ex rel. Winn, 559 U.S. 542, 552 (2010) ("[E]nhancements may be awarded in 'rare' and
'exceptional' circumstances."). The party seeking to enhance attorney fees "bears the burden
of showing that such an adjustment is necessary to the determination of a reasonable fee."
Gonter v. Hunt Valve Co., 510 F.3d 610, 621 (6th Cir. 2007) (internal quotations and citations
omitted). In fact, "a fee applicant seeking an enhancement must produce 'specific evidence'
that supports the award." Perdue, 559 U.S. at 553. The Sixth Circuit Court of Appeals
considers the same twelve factors (supra pg. 5) as it does in adjusting a lodestar award to
determine the appropriateness of a fee enhancement in cases of exceptional success. Barnes v.
City of Cincinnati, 401 F.3d at 745-46 (citing Johnson v. Georgia Highway Express, Inc., 488
F.2d 714, 717-19 (5th Cir. 1974)) (affirming a 75% enhancement because the district court
found that counsel could not be obtained without applying this multiplier); see also Guam
Soc'y of Obstetricians & Gynecologists v. Ada, 100 F.3d 691, 697 (9th Cir. 1996) (noting that
a 100% fee enhancement was appropriate in part because of the "likelihood that no other
attorney . . . would have accepted the case"). In the majority of cases, the lodestar amount
already reflects these factors within the Court's calculation of a reasonable hourly rate and
hours billed. See Gonter, 510 F.3d at 621; Blum, 465 U.S. at 898. Accordingly, "an

enhancement may not be awarded based on a factor that is subsumed in the lodestar calculation. . . ." Perdue, 559 U.S. at 553.  Nor should "the novelty and complexity of a case generally . . . be used as a ground for an enhancement because these factors presumably [are] fully reflected in the number of billable hours recorded by counsel." Id. (internal quotation marks and citations omitted).  "[T]he quality of an attorney's performance generally should [also] not be used to adjust the lodestar [b]ecause considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate." Id. (internal quotation marks and citations omitted).

Despite the "strong presumption" that the lodestar figure is reasonable, the presumption may be overcome in the rare circumstances where the lodestar figure does not adequately take into account a factor that may be considered to determine fees. Id. at 554. The Supreme Court has set out three examples of such factors: (1) "the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value;" (2) "the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted;" or (3) "an attorney's performance involves exceptional delay in the payment of fees." Id. at 554-55.

The Supreme Court's list has not been considered exhaustive.  See, e.g., Van Horn v. Nationwide Prop. & Cas. Ins. Co., 436 F. App'x 496, 500 (6th Cir. 2011) (finding district court did not abuse its discretion under Perdue when it focused on the value of the benefit rendered to the class, whether the services were undertaken on a contingent basis, and the complexity of the litigation when calculating the lodestar).

## III.   ANALYSIS

Plaintiffs request supplemental attorneys' fees, reimbursement of expenses, and post-judgment interest accrued on appeal to the Sixth Circuit and on petition to the Supreme Court. (ECF Nos. 236 & 266.)  The Court addresses each request in turn.

### 1.   Attorneys' Fees

Plaintiffs request reasonable attorneys' fees and "that this Court award a 15% enhancement (1.15 multiplier) to any award of attorneys' fees based on the Court's prior finding that this action conferred a benefit to the class members and general public."  (ECF No. 236-1 at PageID 3370; ECF No. 266-1 at PageID 3843.)  The Court first addresses the reasonableness of Plaintiffs' fees, and then addresses whether enhancement of those fees is justified.[2]

### a.   Rates

With regard to determining a reasonable attorney's fee, the Sixth Circuit has explained,

> When making a determination of a reasonable attorney fee, a district court begins by determining "the fee applicant's 'lodestar,' which is the proven number of hours reasonably expended on the case by an attorney, multiplied by his court-ascertained reasonable hourly rate."  Adcock–Ladd v. Sec'y of Treasury, 227 F.3d 343, 349 (6th Cir. 2000).  We have explained that "[a] district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney."  Wayne v. Vill. of Sebring, 36 F.3d 517, 533 (6th Cir. 1994). "A trial court, in calculating the 'reasonable hourly rate' component of the lodestar computation, should initially assess the 'prevailing market rate in the relevant community.'"  Adcock–Ladd, 227 F.3d at 350 (quoting Blum v. Stenson, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L.Ed.2d 891 (1984)).  The

---

[2] Plaintiffs' counsel additionally requests "reimbursement for $925.83 in travel expenses incurred for Plaintiffs' counsel to participate in oral argument in the Sixth Circuit."  (ECF No. 236-1 at PageID 3371.) Plaintiffs, however, failed to attach evidentiary support for these expenses to their motion.  Nevertheless, it appears the expenses have been reimbursed through an agreement between the parties.  (See ECF No. 273.)  For these reasons, the Court DENIES as moot the request for reimbursement of these expenses.

prevailing market rate is "that rate which lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." Id. A district court is permitted to "rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." Van Horn v. Nationwide Prop. & Cas. Ins. Co., 436 Fed. App'x. 496, 499 (6th Cir. 2011); see Dowling v. Litton Loan Servicing LP, 320 Fed. App'x. 442, 447 (6th Cir. 2009) (affirming a district court's calculation of a reasonable hourly rate based on the court's "knowledge of local billing practices" and counsel's customary billing rates).

Waldo v. Consumers Energy Co., 726 F.3d 802, 821-22 (6th Cir. 2013).

Plaintiff submits records reflecting rates for Robert L. J. Spence, Jr. at $350.00 per hour; rates for Bryan M. Meredith at $250.00 an hour; and rates for E. Lee Whitwell at $170.00 an hour. (See ECF No. 236-2.) Defendant "does not state a position on" these rates. (ECF No. 262 at PageID 3517.) The Court previously found these rates reasonable. (See ECF No. 188.) For the same five reasons espoused it is previous Order, the Court finds these rates reasonable. First, the Court notes that Mr. Spence (29 years) and Mr. Meredith (7 years), have significant legal experience and expertise in constitutional law. (See ECF No. 162-1 at 11; ECF No. 162-2 ¶¶ 6, 8; ECF No. 162-4 ¶ 6; 236-3 ¶ 6; 236-4 ¶ 6.) Second, the instant case was of at least moderate complexity. The case included class certification, two motions for summary judgment, multiple *motions in limine*, a six-day jury trial, multiple post-verdict motions, declaratory and injunctive relief, appeal to the Sixth Circuit Court of Appeals, and petition for writ of certiorari to the Supreme Court of the United States in a complex area of the law—constitutional due process, the Fourth Amendment, and municipal liability based on an unconstitutional custom.

Third, the Court finds persuasive Plaintiffs' citation to cases of similar complexity where the district court awarded the same or higher attorneys' fees pursuant to § 1988. The

complexity of the instant case, because of the class certification issue, may actually exceed the complexity of those cases.

Fourth, the affidavits submitted by Plaintiffs are also persuasive. James E. King, a Tennessee attorney who has litigated against the Spence Firm and is familiar with § 1983 cases, stated that it is his opinion "the hourly rate of each attorney, as well as the number of hours performed by those attorneys, was reasonable." (ECF No. 236-5 ¶¶ 2, 4, 5, 7.)

Finally, the Court's "knowledge of local billing practices" confirms that the requested rates are reasonable. The Court, therefore, GRANTS Plaintiffs' attorneys' fees at the aforementioned rates and for the reported time period.

### b.   Enhancement

Plaintiffs "request that this Court award a 15% enhancement (1.15 multiplier) to any award of attorneys' fees based on the Court's prior finding that this action conferred a benefit to the class members and general public." (ECF No. 236-1 at PageID 3370; ECF No. 266-1 at PageID 3843.)

Plaintiffs further contend that

an enhancement [i]s supported by Barnes v. City of Cincinnati, No. 1:00 CV 780, 2006 WL 418651, at *4 (S.D. Ohio Feb. 21, 2006) . . . [because] 'it makes little sense to offer civil rights attorneys enhanced incentives for favorably resolving novel or complex issues at the trial court level, only to reduce or eliminate the enhancements once attorneys are called on to defend (and thus preserve) those favorable outcomes on appeal.'" Id.

(ECF No. 271 at PageID 3945.)

The reasoning by the district court in Barnes rested on Congressional policies underlying fee-shifting on appeal. The district court reasoned that "statutes like 42 U.S.C.

10

§ 1988 rest on the premise that rewarding attorneys with market-rate lodestars—and, by extension, enhancing those lodestars in 'exceptional cases' presenting particularly novel or complex issues—is necessary to achieve a 'socially desirable' level of civil rights victories." Barnes v. City of Cincinnati, No. 1:00 CV 780, 2006 WL 418651, at *4 (S.D. Ohio Feb. 21, 2006).  Consequently, the district court concluded that "enhance[ment] incentives for favorably resolving novel or complex issues at" trial should also apply to their appeal.  Id.

The Barnes decision resonates in the instant case, because the Court previously granted a 1.15 multiplier enhancement on Plaintiffs' attorneys' fees at trial.  In its previous Order, the Court found "the benefit rendered to the class is an appropriate factor to consider" when determining whether enhancement is justified.  (ECF No. 188 at PageID 2400 (citing Van Horn v. Nationwide, 436 F. App'x 496 (6th Cir. 2011).)  The Court further concluded that its "finding that the Beale Street Sweep was conducted in violation of the due process clause of the Fourteenth Amendment" in addition to "the injunctive relief prohibiting the Beale Street Sweep and requiring additional training of police officers to be more aware of an individual's constitutional rights" constituted a significant benefit to class members and the general public.  (Id. at PageIDs 2400-01.)  Accordingly, "[f]or these reasons, the Court [found] it appropriate to award Plaintiffs' counsel a 15% enhancement (1.15 multiplier)."  (Id. at PageID 2401.)

In the instant case, the reasoning to enhance damages at trial remains applicable as to an appeal.  The benefits conferred on to the class members and general public remained effective only as a result of Plaintiffs' counsel's efforts on appeal.  Accordingly, for these reasons, the Court finds it appropriate to award Plaintiffs' counsel a 15% enhancement (1.15

multiplier) of fees accrued on appeal to the Sixth Circuit Court of Appeals and on petition for a writ of certiorari to the Supreme Court of the United States.

According to the Court's calculations, Plaintiffs' post-trial attorneys' fees award is **$176,150.00** ($119,415.00 + $56,735.00), and Plaintiffs' post-trial enhanced attorneys' fees award is **$26,422.50** ($176,150.00 x 0.15).

### 2.      Post-Judgment Interest

"Plaintiffs also seek post-judgment interest on the judgment entered in this case running from the date of judgment and computed pursuant to 28 U.S.C. § 1961," including post-judgment interest on attorneys' fees.  (ECF No. 236-1 at PageID 3379.)

Pursuant to 28 U.S.C. § 1961, the Court calculates post-judgment interest on "any money judgment" in the case.  The Sixth Circuit Court of Appeals has held that "money judgments" include damages, pre-judgment interest, attorneys' fees, and costs, but has yet to determine if such judgments include enhanced damages or fees.  See, e.g., Caffey v. Unum Life Ins. Co., 302 F.3d 576 (6th Cir. 2002) (affirming post-judgment interest on entire amount of judgment in ERISA case, including award of pre-judgment interest); Associated Gen. Contractors of Ohio, Inc. v. Drabik, 250 F.3d 482, 494-95 (6th Cir. 2001).  There being no binding appellate authority, and in light of the broad language of § 1961, it appears that the statute is applicable to both enhanced damages and fees.  Accordingly, the Court will calculate the post-judgment interest for the attorneys' fees, pre-judgment interest, and damages.

In its August 27, 2015 Order, the Court granted post-judgment interest on the damages award.  (ECF No. 188 at PageID 2391.)  In determining when post-judgment interest accrues

12

on an attorney fee award, the Sixth Circuit requires "the interest to run on a[] fee award from the time of entry of the judgment which unconditionally entitles the prevailing party to reasonable attorney fees." Drabik, 250 F.3d at 495.  Therefore, this Court calculates the post-judgment interest on attorneys' fees addressed in its August 27, 2015 Order from that date (ECF No. 188), "which unconditionally entitles [Plaintiffs] to reasonable attorney fees" associated with trial.  Drabik, 250 F.3d at 495.  See Harper v. BP Expl. & Oil, Inc., 3 F. App'x 204, 210 (6th Cir. 2001) (finding no abuse of discretion where district court declined to award post-judgment interest prior to the date on which it entered its order awarding attorneys' fees). The Court, however, calculates post-judgment interest on attorneys' fee accruing after its August 27, 2015 Order, associated with Defendant's appeal and writ of certiorari, from the date of this Order, "which unconditionally entitles [Plaintiffs] to reasonable attorney fees" associated with post-trial proceedings.  Drabik, 250 F.3d at 495.

The total post-judgment interest will be the summation of the interest on the attorneys' fees and the interest on the previous money judgments.  According to the Court's calculation, the post-judgment interests on the money judgments are as follows: [3]

- **Post-Judgment Interest Award on Damages and Pre-Judgment Interest:**
  $(((\$35,000.00 + \$411.48) \times 1.22) \div 365) \times 708 = $**\$838.00**

---

[3] The Court determined the post-judgment interest of the money judgments in this case by first multiplying the accumulative money judgment amount of damages and pre-judgment interest times the Federal Reserves Interest Rate for 1-year Treasury Constant Maturities, as of August 1, 2017 (1.22%).  This Annual Interest Amount was then divided by 365 days to determine the Daily Interest Amount.  Finally, the Daily Interest Amount was multiplied by the Accumulated Days since the Judgment and Equitable Relief, entered August 27, 2015 (ECF No. 189).  This date, and not the date of the Court lifting the Partial Stay (ECF No. 235), is used because granting a stay without a supersedeas bond does not postpone or stay one's entitlement to post-judgment interest.  See Cayuga Indian Nation of New York v. Pataki, 188 F. Supp. 2d 223, 253 (N.D. N.Y. 2002).  The same calculation was done with Attorneys' Fees relating to trial, using the Attorneys' Fees award and the Accumulated Days since the Court's August 27, 2015 Order granting attorneys' fees (ECF No. 188). The Court then added the accumulative money judgment post-judgment interest to the Attorneys' Fees Award post-judgment interest to determine the total post-judgment interest.  The Court conducted the same calculation for Attorneys' Fees relating to appeal to the Sixth Circuit and petition to the Supreme Court from the date of this Order, which granted fees relating to these post-trial proceedings.

- **Post-Judgment Interest Award on Trial-Related Attorneys' Fees:**
  $(((\$389,563.50 \times 1.15) \times 1.22\%) \div 365) \times 708 = \mathbf{\$10,601.72}$

- **Post-Judgment Interest Award on Post-Trial Attorneys' Fees:**
  $(((\$176,150.00 + \$26,422.50) \times 1.22\%) \div 365) \times 0^4 = \mathbf{0}$

The Court, therefore, finds the total post-judgment interest is **$11,439.72**.

## IV.    CONCLUSION

For the reasons stated above, the Court finds **GRANTS** in part and **DENIES** in part Plaintiffs' Motion for Supplemental Award of Attorneys' Fees, Reimbursement of Expenses, and Post-Judgment Interest.  The Court specifically DENIES as moot Plaintiffs' request for reimbursement of expenses; GRANTS Plaintiffs' request for supplemental award of attorneys' fees; GRANTS Plaintiffs' request to enhance those supplemental attorneys' fees; and GRANT Plaintiffs' request for a calculation of post-judgment interest.  The calculations and totals of the relief sought are as follows:

- **Post-trial Attorneys' Fees Award:** $119,415.00 + $56,735.00 = **$176,150.00**

- **Post-trial Enhanced Attorneys' Fees Award:** $176,150.00 x 0.15 = **$26,422.50**

- **Post-Judgment Interest Award on Damages and Pre-Judgment Interest:**
  $(((\$35,000.00 + \$411.48) \times 1.22\%) \div 365) \times 708 = \mathbf{\$838.00}$

- **Post-Judgment Interest Award on Trial-Related Attorneys' Fees:**
  $(((\$389,563.50 \times 1.15) \times 1.22\%) \div 365) \times 708 = \mathbf{\$10,601.72}$

- **Post-Judgment Interest Award on Post-Trial Attorneys' Fees:**
  $(((\$176,150.00 + \$26,422.50) \times 1.22\%) \div 365) \times 0 = \mathbf{0}$

---

[4] The number of days since the Court granted Plaintiffs Attorneys' Fees relating to appeal to the Sixth Circuit and petition to the Supreme Court is zero (0), because Plaintiffs' were not awarded these fees until this Order, "which unconditionally entitles the prevailing party to reasonable attorney fees."  Drabik, 250 F.3d at 495. Accordingly, Plaintiffs are entitled to zero (0) days of post-judgment interest on their Attorneys' Fees relating to appeal to the Sixth Circuit and petition to the Supreme Court.

**IT IS SO ORDERED**, this 4th day of August, 2017.

/s/ Jon P. McCalla
JON P. McCALLA
UNITED STATES DISTRICT COURT JUDGE